## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## FT. LAUDERDALE DIVISION

KARL GONZALEZ, an individual,

   Plaintiff,

v.

CONVERGENT OUTSOURCING, INC.,
a Washington corporation,

   Defendant.
_____/

CASE NO:

JURY TRIAL DEMANDED

## COMPLAINT

1. This is an action for damages arising from Defendant's violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., ("FDCPA"). Defendant violated said Act by attempting to collect a debt from Plaintiff, which Plaintiff does not owe.

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. § 1331 because this action arises under the laws of the United States. Venue here is proper under 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claim occurred here.

## PARTIES

3. Plaintiff KARL GONZALEZ ("Plaintiff") is a natural person who, at all times relevant to this action, is and was a resident of Broward County, Florida.

4. Plaintiff, who, as more fully described herein, is allegedly obligated to pay a debt and is therefore a consumer within the meaning of 15 U.S.C. § 1692a(3).

5. Defendant CONVERGENT OUTSOURCING, INC. ("Defendant") is a Washington corporation whose principal place of business is 800 SW 39th Street, Renton, WA

98057 and whose registered agent for service of process in the state of Florida is CT Corporation System, 1200 South Pine Island Road, Plantation, FL 33324.

6.   Defendant, as more fully described herein, regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Defendant is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and is registered as a consumer collection agency in the state of Florida, license number CCA0900904.

## FACTUAL ALLEGATIONS

7.   This action stems from Defendant's attempt to collect from Plaintiff an allegedly delinquent household or personal debt, allegedly owed to PayPal, Inc.

8.   Defendant describes itself as a third party debt collection agency and member of ACA International with over 60 years of experience in the collections industry.[1]

9.   In furtherance of its collection efforts, Defendant sent, on or about August 26, 2017, a debt collection letter alleging therein that Plaintiff owed a debt to PayPal, Inc. in the amount of $315.00.

10.  According to Defendant's debt collection letter, even though Plaintiff allegedly owed PayPal, Inc. $315.00, Defendant's "client" was willing to accept $110.25 as "partial payment" for the alleged debt. In exchange for said payment, Defendant's "client" would "cease further collection efforts" on the account.

11.  Defendant's debt collection letter does not disclose the identity of its "client." It only makes reference to PayPal, Inc. as the "Creditor," and makes reference to a 19-digit "Client Account #" which is not a PayPal, Inc. account number.

---

[1] http://www.convergentusa.com/outsourcing/page/debt-collection-scams-how-to-know-the-difference

12.     In response to Defendant's debt collection letter, Plaintiff contacted PayPal, Inc. and was informed that no such debt existed, and that Plaintiff owed PayPal, Inc. nothing. PayPal, Inc., therefore, cannot be Plaintiff's "creditor" within the meaning of 15 U.S.C. § 1692a(4).

13.     Moreover, and in addition to being materially false, Defendant's debt collection letter is worded in such a way as to mislead Plaintiff, as well as the least sophisticated consumer, into believing that PayPal, Inc. is Defendant's "client" when, in fact, Defendant's "client" is some other unidentified, fictitious, or nonexistent entity.

14.     Additional investigation has revealed numerous other instances where individuals have been subject to Defendant's dubious collection activity. For example:

> "Today I received an invoice for $392 from Convergent Outsourcing telling me my PayPal Account was a negative balance, but I could settle for $137. I checked my PalPal whish [sic] has $0.00 balance. I'm a..."

by Betty55555555 Jan-09-2017 01:38 PM.

15.     In sum, Defendant is either attempting to collect blatantly false debts, or is working on behalf of some clandestine debt buyer, and invoking the name of PayPay, Inc. (who has no stake in the alleged debt) in order to make its collection demands appear more credible.

16.     Therefore, upon information and belief, Defendant's unlawful collection activities, which include not only attempting to collect debts that do not exist, but falsely stating the name of the creditor and, generally, engaging in false, deceptive and misleading collection activity, are in clear violation of the FDCPA

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692e

17.     Plaintiff incorporates paragraphs 1 through 16 as if fully set forth herein.

18. A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. *Johnson v. Midland Funding, LLC*, 823 F.3d 1334 (11th Cir. 2016).

19. Defendant violated § 1692e(2)(A) of the FDCPA by falsely representing the character, amount, and legal status of Plaintiff's alleged consumer debt; specifically, because Plaintiff does not owe the alleged debt.

20. Defendant violated § 1692e(10) of the FDCPA by using false and deceptive means in an attempt to collect a debt from Plaintiff by creating the false impression that PayPal, Inc. is a creditor to whom money is owed, by creating the false impression that Defendant's client is PayPal, Inc., when it is clearly not, and by falsely claiming authority to accept less than full payment on behalf of PayPal, Inc. when, in fact, no such authority existed.

21. 15 U.S.C. § 1692k(a) provides that a debt collector who fails to comply with any provision of the FDCPA with respect to any person is liable to such person for up to $1000 in statutory damages, actual damages, the costs of the action, together with a reasonable attorney's fee as determined by the court.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692g(a)(2)

22. Plaintiff incorporates paragraphs 1 through 16 as if fully set forth herein.

23. Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing, *inter alia*, the name of the creditor to whom the debt is owed. *Bourff v. Rubin Lublin, LLC*, 674 F.3d 1238, 1241 (11th Cir. 2012).

24.     Defendant violated § 1692g(a)(2) of the FDCPA by misstating the "name of the creditor to whom the debt is owed." In other words, Plaintiff is a "consumer" who may owe a "debt" to "someone," but that "someone," in this instance, is absolutely not PayPal, Inc.

25.     15 U.S.C. § 1692k(a) provides that a debt collector who fails to comply with any provision of the FDCPA with respect to any person is liable to such person for up to $1000 in statutory damages, actual damages, the costs of the action, together with a reasonable attorney's fee as determined by the court.

*     *     *

WHEREFORE, with respect to Counts I and II above, Plaintiff respectfully requests this Court to enter judgment in his favor and against Defendant Convergent Outsourcing, Inc. for:

a.     Actual and statutory damages pursuant to 15 U.S.C. § 1692k;

b.     Attorneys' fees, litigation expenses and costs of the instant suit; and

c.     Such other or further relief as the Court deems proper.

### JURY DEMAND

26.     Plaintiff demands a trial by jury.

Dated: November 30, 2017

Respectfully submitted,

 s/ Scott D. Owens
Scott D. Owens, Esq. (FBN 0598651)
SCOTT D. OWENS, P.A.
3800 S. Ocean Dr., Ste. 235
Hollywood, FL 33019
Tel: 954-589-0588
Fax: 954-337-0666
scott@scottdowens.com